## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

H. LARRY VOZZO, ESQ.,
               Plaintiff,

CIVIL ACTION NO. 05-01336

versus

JUDGE DONALD E. WALTER

MICHAEL C. NOLAN,
               Defendant.

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed on behalf of Defendant. Defendant originally filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. <u>See</u> Record Doc. #10. Plaintiff opposed this motion. <u>See</u> Record Doc. #12. This Court converted the motion into a Motion for Summary Judgment on March 20, 2007. <u>See</u> Record Doc. #22. Both parties were provided the opportunity to submit supplemental material for the Court to consider. For the reasons assigned herein, Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

### STATEMENT OF THE CASE

Plaintiff, H. Larry Vozzo ("Vozzo"), filed this present cause of action against Defendant, Michael C. Nolan ("Nolan"), alleging that Nolan committed slander per se that damaged his professional reputation, integrity and "good name" within the legal community of Onondaga County, New York. <u>See</u> Complaint ¶17. Plaintiff filed suit on June 1, 2005 in the State of New York Supreme Court for the County of Onondaga. <u>See</u> Complaint. Defendant filed a Notice of

Removal on October 24, 2005, and this case was subsequently removed to federal court.  See
Record Doc. #1.

Plaintiff is a licensed attorney in the state of New York.  See Complaint ¶3.  Plaintiff's
sister, Theresa Vozzo Nolan ("Theresa Nolan"), was married to the now deceased Daniel J.
Nolan, Sr., brother of Defendant, Michael Nolan.  See Complaint ¶ 5.  Daniel Nolan committed
suicide on February 4, 2004. See Complaint ¶ 6.   Following the suicide, Vozzo initiated a series
of communications with Nolan in an effort to help Vozzo's sister locate and marshal the assets of
her late husband's estate.  See Complaint  ¶ 9.  After the communications, Nolan filed a
complaint letter with the State of New York Attorney Grievance Committee on April 29, 2004.
See Complaint, Exhibit A.  In his complaint letter, Nolan alleged that Vozzo misrepresented his
affiliation with the Daniel Nolan estate, and that Vozzo's communications were aggressive,
threatening, bullying and intimidating.  See id.   Nolan alleged that Vozzo violated the rules of
professional conduct.  See id.  After an investigation, the Grievance Committee ultimately found
that Vozzo did not violate any rule of professional conduct.  See Complaint, Exhibit B.

Vozzo alleges that Nolan made a slanderous statement to the Grievance Committee
investigator during the course of the investigation.  See Complaint ¶ 14.   Plaintiff filed suit after
receiving a copy of the investigator's Final Summary Report, which contained the following
passage:

> On June 4, 2004 I received a telephone call from Michael Nolan the complainant
> asking for the results of my investigation.  I explained that I did not yet have
> Attorney Vozzo's response to the complaint since it would have been filed with
> the Grievance Committee and then had to be passed on to me.  Mr. Nolan
> requested that I call his attorney Michael Orapollo at the Hancock Office.  Mr.
> Nolan claimed that there was now a police matter in that Attorney Vozzo had 'lied
> to the Camillus police' about the location of a gun.  However, Mr. Nolan

2

conceded that this was a separate criminal matter and not related to the attorney grievance filed.

<u>See</u> Complaint, Exhibit B.

Plaintiff argues that Nolan committed slander per se by allegedly stating that Vozzo "lied to the Camillus police" about the location of a gun. <u>See</u> Complaint ¶ 14.

## **SUMMARY JUDGMENT STANDARD**

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. <u>Id.</u> The court must "resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought." <u>Heyman v. Commerce & Industry Ins. Co.</u>, 524 F.2d 1317, 1320 (2d Cir. 1975).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. <u>Id.</u> at 325.

3

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). "A dispute as to a material fact is genuine, and hence summary judgment is inappropriate, only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Lang v. Retirement Living Pub. Co., Inc.</u>, 949 F.2d 576, 580 (2d Cir. 1991) (citations omitted).

## <u>LAW AND ANALYSIS</u>

In this diversity action, Plaintiff's slander claim is governed by the substantive tort law of New York.  <u>See</u> <u>Chrysler Capital Realty, Inc. v. Grella</u>, 942 F.2d 160 (2d Cir. 1991).  To establish a prima facie case of slander, a plaintiff must prove: (1) an oral defamatory statement of fact, (2) regarding the plaintiff, (3) published to a third party by the defendant, and (4) injury to the plaintiff.  <u>Weldy v. Piedmont Airlines, Inc.</u>, 985 F.2d 57, 61 (2d Cir. 1993).  The fourth element is presumed if the defamatory statement is in the form of slander per se.  <u>See</u> <u>Liberman v. Gelstein</u>, 80 N.Y.2d 429, 435, 590 N.Y.S.2d 857, 860-861 (N.Y. 1992).  Slander per se consists of those statements that (a) charge the plaintiff with a serious crime, (b) injure the plaintiff's trade, business or profession, (c) suggest that the plaintiff suffers from a loathsome disease, or (d) impute unchastity to a woman.  <u>Id.</u> (citations omitted).  Statements falling into one of these four categories are presumed to have caused damage, such that damages need not be alleged or proven.  <u>Id.</u>

Plaintiff asserts that the alleged statement in question – "there is now a police matter in that Vozzo lied to police about the location of a gun"– constitutes slander per se.  <u>See</u> Complaint ¶¶ 13-17.  Defendant denies this claim.  <u>See</u> Answer ¶ 2.

4

Defendant filed a Motion to Dismiss for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), arguing that even if the Court assumes that the allegations in the Complaint are true, Defendant is protected from liability due to absolute privilege. See Record Doc. #10. As noted supra, this Court converted the Defendant's motion into a motion for summary judgment. See Record Doc. #22.

Absolute privilege protects all statements by counsel and parties made in the course of a judicial proceeding. Therefore, such statements cannot be the basis of an action for libel or slander. See Martirano v. Frost, 25 N.Y.2d 505 (N.Y. 1969). Complaints alleging attorney misconduct are handled by the Grievance Committees of the various local bar associations. See Weiner v. Weintraub et al., 22 N.Y.2d 330, 331 (N.Y. 1968). A proceeding before an Attorney Grievance Committee constitutes a judicial proceeding, and is, thus, absolutely privileged. See id. The Court in Weiner, supra,  explained that the public interest is served by encouraging those with knowledge of unethical or dishonest conduct by lawyers to report the conduct to the Grievance Committee without fear of being subjected to a libel action. Id. at 332. The Court noted that the public will, on occasion, file false or malicious allegations, but that the hardship on a particular attorney does not outweigh the importance in maintaining the high standard of the bar. Id.

The absolute privilege protects all statements that are "pertinent" to a judicial proceeding. Aequitron Med., Inc. v Dyro, 999 F.Supp 294, 297-298 (E.D.N.Y. 1998). Pertinency is provided an extremely broad definition and includes "anything that may possibly or plausibly be relevant or pertinent with the barest rationality, divorced from any palpable or pragmatic degree of probability." Id. at 298. For absolute privilege not to apply to a judicial proceeding, the

statement must be "so obviously impertinent as not to admit discussion of pertinence, and so needlessly defamatory as to warrant the inference of express malice and a motivation solely to defame." Grasso v. Mathew, 564 N.Y.S.2d 576, 578 (3d Dep't. 1991).   Stated another way, for a statement not be pertinent it " must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame." Martirano, 25 N.Y.2d at 508.

For example, statements were found not to be pertinent when a party in litigation of a sexual discrimination suit stated that the opposing party intentionally damaged a business, attempted to commit adultery, was a homosexual, drank to excess, violated anti-trust laws, purchased illicit drugs, and was guilty of larceny.  See Leber v. Lord & Taylor Department Stores, et al., No. 90 Civ. 7202 (LJF), 1991 WL 238235 (S.D.N.Y. Nov. 7, 1991).  In another example, absolute privilege was found not to apply when the credit report of an attorney representing an opposing party in litigation was submitted to the Court.  Klapper v. Shapiro, 154 Misc.2d 459, 586 N.Y.S.2d 846 (N.Y. Sup. 1992).  The Klapper Court noted that the attorney's financial history did not have any conceivable bearing on the deposition of the litigation at issue, and was so outrageously out of context that its submission allowed the court to conclude that it was motivated by a desire to defame.  Id. at 466-467.

The pertinence of a statement made in the course of a judicial proceeding is a question of law for the court.  Mosesson v. Jacob D. Fuchsberg Law Firm, 257 A.D.2d 381, 382, 683 N.Y.S.2d 88, 89 (N.Y.A.D. 1 Dept., 1999).  Any doubts are to be resolved in favor of pertinence. Id.

At issue is whether Nolan's alleged statement that "there was now a police matter

6

because Attorney Vozzo lied to the police about the location of a gun" was pertinent to the Grievance Committee investigation.   Nolan asserts that his statement is protected by absolute privilege, given the broad definition of pertinency.   See Record Doc. #10 at 2.

Vozzo argues that the privilege does not apply because the statement was not material, relevant or pertinent to the grievance filed by Nolan.   See Record Doc. #12 at 5.   Vozzo further asserts that Nolan admitted the statement was not pertinent when he told the Grievance Committee Investigator that the issue was a separate criminal matter not related to the attorney grievance filed.   See id.   Vozzo also notes that Nolan did not file a subsequent complaint to the Grievance Committee regarding his allegation that Vozzo lied to the police.   See id.

Nolan responds by asserting that the question of the location of a gun belonging to the deceased lies at the heart of Vozzo's representation of the estate, and thus, the essence of Nolan's complaint letter to the Grievance Committee.   See Record Doc. #13.   To support this contention, Nolan provides the Court a copy of Vozzo's response to the Grievance Committee investigation and cites the following paragraph:

> I was involved with and have been assisting Theresa and my niece and nephew with: funeral arrangements; acting as intermediary with the Camillus Police Department, the Medical Examiners' Office, and with the Decedent's former employer; collecting life insurance proceeds; securing the family's home and marshaling their assets; attempting to identify, locate, and value jointly owned property and other non-probate property that would be included in the taxable estate, as well as property owned individually by Meghan and Daniel, Jr.; and preparing paperwork for Surrogate's Court proceedings once the appropriate probate proceeding was determined.

See Record Doc. #13, Declaration of Turner P. Smith, Exhibit 1 at 1-2.   Nolan argues that because Vozzo himself describes his actions as attorney for Theresa Nolan to include acting as an intermediary to the Camillus Police Department, the alleged statement that Vozzo lied to the

7

police is relevant, not merely pertinent.  <u>See</u> Record Doc. #13 at 5.

After a thorough review of this matter, the Court finds that the statement allegedly made by the Nolan falls within the extremely liberal definition of "pertinency."   In making this decision, the Court is cognizant of its obligation to resolve all doubts in favor of pertinence.  <u>See</u> <u>Mosesson v. Jacob D. Fuchsberg Law Firm</u>, 257 A.D.2d 381, 382, 683 N.Y.S.2d 88, 89 (N.Y.A.D. 1 Dept., 1999).

The Court agrees with Defendant that because Vozzo admits to acting as an intermediary with the Camillus Police Department on behalf of Theresa Nolan, any alleged statements made to the police are pertinent to Vozzo's representation of the estate and to the Grievance Committee investigation.

The Court also notes that a reading of the complete passage that sparked this litigation supports Defendant's stance that the alleged statement was, in fact, pertinent to the investigation. The passage in question from the Final Summary Report of the Grievance Committee states:

> Mr. Nolan requested that I call his attorney Michael Orapollo at the Hancock Office.  Mr. Nolan claimed that there was now a police matter in that Attorney Vozzo had 'lied to the Camillus police' about the location of a gun.  However, Mr. Nolan conceded that this was a separate criminal matter and not related to the attorney grievance filed.  When I tried to call Mr. Orapollo at the Hancock office, I was told that the attorney had left this office permanently.  I received another telephone number for him and called.  I did not receive a return phone call.

<u>See</u> Complaint, Exhibit B.  The fact that the investigator followed up on Nolan's request to call attorney Michael Orapollo ("Orapollo"), suggests that the statement was sufficiently pertinent to the investigation.   That the investigator found the statement to be pertinent is bolstered by the investigator's attempt to contact Orapollo at two separate telephone numbers.  <u>See</u> <u>id.</u>

The Court also notes that the Grievance Committee investigator stated "certainly Mr.

8

Nolan tried to talk to me about Attorney Vozzo's statements to the Camillus police and appeared

to be trying to get me to view this case in another light." See id.  However, the investigator's

statement does not convince the Court that the allegedly slanderous statement by Nolan was

impertinent given that the investigator attempted to inquire further into the allegation.

Defendant's original complaint to the Grievance Committee alleges that Plaintiff

misrepresented his relationship with the estate and engaged in unprofessional tactics.  The

allegedly slanderous statement was made to the investigator of a confidential judicial proceeding.

While the statement may not necessarily be material or relevant to the attorney grievance

procedure, it is not so outrageously out of context to conclude that the statement was motivated

by no other desire but to defame.

While the Court recognizes that the investigation was understandably upsetting to Vozzo

in light of his professional relationship with members of the Grievance Committee and his desire

to continue his extensive legal service to his community as a Judge, the Court is also aware of the

public policy behind the decision in Weiner, supra.   The Weiner Court explained:

> We may assume that on occasion false and malicious complaints will be made.
> But, whatever the hardship on a particular attorney, the necessity of maintaining
> the high standard of our bar – indeed, the proper administration of justice –
> requires that there be a forum in which clients or other persons, unlearned in the
> law, may state their complaints, have them examined, and if necessary, judicially
> determined.  A lawyer against whom an unwarranted complaint has been lodged
> will surely not suffer injury to his reputation among the members of the Grievance
> Committee since it is their function to determine whether or not the charges are
> supportable.

Id. at 332.

Because the Court finds that the allegedly slanderous statement was  pertinent to the

investigation, Defendant is protected from liability as to Plaintiff's claim of slander per se by

9

absolute immunity.   Therefore, the Court must dismiss Plaintiff's claim.

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgement is hereby

**GRANTED**.  Plaintiff's claim is **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this _13_ day of August, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

10